Robert L. TICE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16538.

Court of Criminal Appeals of Oklahoma.

May 10, 1972.

Rick Chew, Doyle C. Scott, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

This is an appeal from a denial of post conviction relief filed in the District Court of Comanche County, Oklahoma, in that court's case number CRF–69–284. In that trial appellant, Robert L. Tice, was convicted for the offense of first degree rape, and the jury assessed his punishment at the minimum of five (5) years confinement under the control and custody of the State Department of Corrections. That conviction was appealed to this Court and was affirmed. See: Tice v. State, Okl.Cr., 478 P.2d 916 (1970).

After the petition for rehearing before this Court was denied, the mandate of this Court was issued January 13, 1971; thereafter petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma, case no. CIV–71–33. On January 28, 1971, the Honorable Stephen F. Chandler, District Judge, entered an order dismissing the petition, stating that the United States District Court was without jurisdiction to proceed further in the matter until petitioner had exhausted his state remedies under 22 O.S.Supp.1970, § 1080 et seq., known as the Post Conviction Remedy Statute.

On February 4, 1971, petitioner filed his application for post conviction remedy in the District Court of Comanche County, in that court's case no. C–71–129. A hearing was had in the district court on February 8, 1971, when the Honorable Toby Morris, the District Judge who had presided over

petitioner's trial, testified concerning the "Jackson v. Denno" [1] hearing held on petitioner's motion to suppress with reference to the voluntariness of petitioner's alleged confession. The respondent, district attorney, requested an additional thirty (30) days in order to respond to the petitioner's application, and to prepare for cross-examination of the trial judge. Respondent's request was granted and thereafter, on March 9, 1971, the second hearing was held, when Assistant District Attorney for Comanche County, Ronald A. Callicott, informed the court that he did not desire to cross-examine the trial judge.

Thereafter, argument was heard by the court concerning the said hearing as it pertained to petitioner's alleged confession, which was entered at his trial; and whether or not a proper "Jackson v. Denno" hearing was conducted by the trial judge for the purpose of determining the voluntariness of petitioner's alleged confession. At the conclusion of that hearing the Honorable Jack Brock, District Judge, denied petitioner's relief, and this appeal was lodged from that order denying petitioner's relief.

The Attorney General filed a response to the petition and moved that the petition be dismissed; and he stated in the alternative, if the petition is not dismissed, respondent submits that the state was precluded from cross-examining the witness, Judge Toby Morris, and therefore, requests that this matter be remanded to the district court for completion of that evidentiary hearing.

This Court found, after reviewing the pleadings filed herein and the transcripts of both hearings conducted in the District Court of Comanche County, that the respondent district attorney was not precluded from cross-examining the witness, Judge Toby Morris; but instead, the Court found that respondent waived his right to cross-examine that witness, and that the question concerned therein was determined adversely to the state.

Further, a review of the transcript of the first hearing conducted in the district court on February 8th, revealed that the trial Judge, The Honorable Toby Morris, made no ruling or finding clearly showing whether or not the court determined that the alleged confession was voluntarily given by petitioner. Instead, the court merely denied petitioner's motion to suppress and admitted the confession into evidence at the trial.

At the February 8th hearing the Honorable Judge stated that he understood and believed that the voluntariness of the confession was a question to be submitted to the jury; consequently, the motion to suppress was denied. Likewise, absent the transcript of the hearing held on February 8, 1971, it may be logically inferred from the trial records as mentioned in Jackson v. Denno, supra, that the trial court made a proper determination; however, after that hearing it became clear that the trial judge failed to make that determination; and he also failed to cause the record to reflect his ruling with that clarity specified in Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967). Therefore, this Court entered its order remanding the matter to the Honorable District Court of Comanche County for a full evidentiary hearing to determine the following questions:

1. Were petitioner's constitutional rights fully protected, and was petitioner properly advised of his constitutional rights prior to interrogation in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A. L.R.3rd 974 (1966)?

2. Was the petitioner's alleged confession freely and voluntarily given without any form of coercion, threats, or promises?

3. Was the alleged confession properly admitted into evidence?

Thereafter, on the 4th and 16th days of August, 1971, the Honorable Jack Brock,

---

1. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

District Judge for Comanche County, Oklahoma, conducted a full hearing at which the Lawton, Oklahoma police officers, Detectives Fred Mitchell and Tommy Britt, testified concerning the interrogation of appellant and the confession he gave in his own handwriting. At that hearing appellant testified and offered the testimony of Mr. James Hamilton, a registered polygraph operator and chief examiner for Truth Verification, Inc., in Oklahoma City, Oklahoma, in the nature of a proffer of proof. The judge permitted the proffer of proof to go into the record of evidentiary hearing, but ruled the same to be admissible as evidence. Thereafter, the appellant testified at length.

At the conclusion of the hearing the judge entered his findings, ". . . that the petitioner's constitutional rights were fully protected, and that he was properly advised of his constitutional rights prior to interrogation, and that the petitioner's alleged confession was freely and voluntarily given without any form of coercion, threats or promises, and thus that the confession was properly admissible into testimony—into evidence." (Tr. 211.) The three records compiled in the course of the conduct of this evidentiary hearing were submitted to this Court for further consideration, after which briefs were filed by petitioner and respondent.

We are therefore of the opinion, after considering the records and briefs submitted, that while the record of trial does not reflect that clarity referred to in Sims v. Georgia, supra, with reference to the "Jackson v. Denno" hearing, the record of the evidentiary hearing clearly reflects that notwithstanding that fact, appellant's constitutional rights were protected and he was advised of his rights as provided in Miranda v. Arizona, supra; and therefore, the findings of fact and conclusion of law of the Honorable Jack Brock, District Judge for Comanche County, Oklahoma, are hereby accepted by this Court.

We are further of the opinion that the judgment of the Honorable District Court of Comanche County, wherein appellant's petition for post conviction relief was denied, should be and the same is affirmed. It is the further order of this Court that appellant's state remedies have hereby been exhausted.

BUSSEY, P. J., and SIMMS, J., concur.