**Dorothy Marie LAYTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–458.**

Court of Criminal Appeals of Oklahoma.

June 18, 1976.

Rehearing Denied Aug. 5, 1976.

Leslie R. Earl, Public Defender, William R. Edmison, Legal Intern, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

.PER CURIAM:

Appellant, Dorothy Marie Layton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–74–2636, for the offense of Murder in the Second Degree in violation of 21 O.S.1973 Supp., § 701.2. Her punishment was fixed at a term of fifty (50) years to life imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

■ We do not deem it necessary to give a detailed statement of facts inasmuch as this cause must be reversed because of an accumulation of errors. Defendant, age sixteen with a reduced ability to comprehend of that of a third or fourth grader, was charged with one David Walter Campbell with strangling Campbell's wife Sharon. The State of Oklahoma relied primarily on a confession given by the defendant. Defendant was taken to the police station and held approximately one hour prior to the arrival of her mother. The record reflects that both the defendant and her mother executed Waiver of Right forms. The record does not reflect that defendant was given the opportunity for private discussion with her mother concerning the ramifications of executing the rights waiver.

Defendant timely filed a Motion to Suppress and a lengthy hearing was held im-

mediately prior to the trial. At the conclusion of the hearing, the trial court overruled the Motion. The trial court failed to set forth in the record with clarity his reasons for so ruling. See *Sims v. Georgia,* 835 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, and *Tice v. State,* Okl.Cr., 497 P.2d 444.

The record further reflects that the question of the voluntariness of the confession was not thereafter submitted to the jury by proper instruction. See *Tice v. State,* Okl.Cr., 478 P.2d 916.

■ We next observe that the District Attorney improperly commented on defendant's failure to testify, in his closing argument. The record reflects that the District Attorney stated:

" . . My God, what's he representing her for? Where was she? He's up here talking for her, where was she? Did she lie to the police? Why? Why wasn't she up here telling them? You know why? Because she didn't lie to the police.

    \*    \*    \*    \*    \*    \*

"You see, counsel testified for his client. I want to say one thing and that is I give her credit. I'll give her family credit. She knew if she got up here and those people were here and her mother—and they are God fearing people, working in church, going to church steadily—she knew she couldn't get up here on the stand and lie." [Tr. 245–246]

See *Garner v. State*, Okl.Cr., 500 P.2d 865.

■ We lastly observe that the sentence of fifty (50) years to life imprisonment does not conform to the statutory provisions of 21 O.S.1973 Supp., § 701.4, which provides as follows:

"Every person convicted of murder in the second degree shall be punished by imprisonment in the State Penitentiary for not less that 10 (10) years nor more than life. The trial court shall set an indeterminate sentence in accordance with this section upon a finding of guilty by the jury of murder in the second degree."

We have recently held that it was the Legislative intent that the only sentence permitted under this section is an indeterminate sentence of ten (10) years to life imprisonment. See, *Smith v. State*, Okl.Cr., 550 P.2d 946 (1976).

This case is accordingly *REVERSED AND REMANDED FOR A NEW TRIAL.* The trial court's attention is respectfully called to our holdings in *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 and *Calhoon v. State*, Okl.Cr., 548 P.2d 1037. Nothing in this opinion shall preclude counsel for defendant from raising, in the trial court, the validity of the certification proceedings, nor is the trial court precluded from determining the validity of the certification in light of *J. T. P. v. State*, supra and *Calhoon v. State,* supra, and entering such order remanding for certification, or affirming, as the evidence and facts warrant.