In the Matter of James William MILLER, a child under 18 years of age.

No. J–77–60.

Court of Criminal Appeals of Oklahoma.

March 21, 1977.

William A. Robinson, Oklahoma City, for appellant.

Andrew M. Coats, Dist. Atty., Roma McElwee, Asst. Dist. Atty., for appellee.

## MEMORANDUM OPINION

BLISS, Judge:

This is an appeal by the above named juvenile, James William Miller, hereinafter called appellant, a male child born on the 24th of July, 1959, from an order entered by the Juvenile Division of the District Court

in and for Oklahoma County, Oklahoma, December 20, 1976, in Case No. JF–75–317, in which order the Juvenile Division of the District Court waived or relinquished its jurisdiction over the juvenile and returned him to stand trial in the trial division of said court for the alleged offense of Robbery With Firearms, as empowered by 10 O.S.Supp.1975, § 1112. The appeal to this Court is authorized under 10 O.S.Supp.1975, § 1123 and 22 O.S.Supp.1974, Ch. 18, App. section VIII; and, although untimely filed, this Court will waive said defect and consider this appeal on its merits.

The crime was allegedly committed on October 24, 1976. A motion for certification was filed by the District Attorney on October 29, 1976. On November 18, 1976, a prosecutive merit hearing was held before the Honorable Michael Tullius, Special District Judge, and the appellant and his attorney of record on that date stipulated to the fact that said aforementioned crime was committed and that there was probable cause to believe that the appellant committed the crime. The case was then set for certification hearing on December 20, 1976, before Judge Stewart M. Hunter, Judge of the Juvenile Division of the District Court.

At the certification hearing, the State called no witnesses but relied on file No. JF–75–317 on James William Miller, in the Juvenile Division, which included psychological reports and evaluations and the past history of adjudications and placements through the juvenile system. Said file reflects that the appellant's record consists of truancy and a beyond control complaint. The juvenile system has attempted to rehabilitate the appellant by probation on two occasions, a suspended committal and, finally, five months at Taft Training School.

The appellant called Ray Gibson, a juvenile counselor with DISRS, in Oklahoma County. He testified that he had counseled the appellant and, while he was manipulative and somewhat immature, he was amenable to rehabilitation through Job Corps. He also admitted that he was unaware of the appellant's complete record.

The appellant also called Herbert Keith a Job Corps screener. He described the Job Corps program.

The single assignment of error is that there was insufficient evidence of nonamenability, a prerequisite of certification.

In the instant case the Juvenile Division of the District Court based its findings of nonamenability on the prior record of the juvenile which demonstrated that the juvenile system had been unsuccessful in rehabilitating the appellant, upon the seriousness of the crime, and upon the age of the appellant. We have said that there is no arithmetic formula which must be applied, and therefore the Juvenile Division must be given some room for discretion. *J. T. P. v. State,* Okl.Cr., 544 P.2d 1270 (1975). The Juvenile Judge is not required to give controlling effect to the testimony of experts. *Stidham v. State,* Okl.Cr., 507 P.2d 1312 (1973) and *Calhoon v. State,* Okl.Cr., 548 P.2d 1037 (1976).

We therefore find that the Juvenile Division's determination of nonamenability was based upon substantial evidence and along with the finding of prosecutive merit supported the carefully drawn order of the Juvenile Division of the District Court certifying the appellant to be prosecuted as an adult. We further find that the order is in compliance with 10 O.S.Supp.1975, § 1112. The record in this case warrants the discretion exercised by the judge which was reasonable and justified.

For the above and foregoing reasons, the order of the Juvenile Division in surrendering its jurisdiction and certifying the juvenile to the trial division of the District Court for proceedings as an adult is *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.