GUIDRY, Judge.
Gene C. McManus and James Russell Joiner were adjudicated delinquent by the Grant Parish Juvenile Court, based upon a finding that on November 9, 1977 they did attempt to kill wild game at night in violation of LSA-R.S. 56:124(7), (9).[1] The juveniles were jointly tried on May 1, 1978.
*1154 Counsel for the juveniles filed a pre-trial motion seeking to suppress an inculpatory statement allegedly made by McManus to a State Game Warden, Earl H. Corley, while the juveniles were being booked at the sheriff’s office. It was alleged that the inculpa-tory statement was elicited in violation of McManus’ constitutional privilege against self-incrimination. After a hearing held on May 1, 1978, the trial court denied the motion to suppress.
At trial on the merits, the only testimony taken was that of agents Earl H. Corley and David R. Edwards. In the course of their testimony, each witness alluded to the statement made by McManus. The trial court concluded that McManus and Joiner were guilty of unlawfully hunting wild game at night, and adjudged both juveniles to be delinquent. McManus and Joiner have appealed. We this day render a separate opinion in the companion matter of State in the interest of Gene C. McManus, our docket number 6740.
On appeal McManus and Joiner assign the following two specifications of error:
(1) Gene McManus’ inculpatory statement should not have been admitted into evidence, as doing so violated the principles set forth by the Louisiana Supreme Court in State in the Interest of Dino, 359 So.2d 586 (La.1978); and,
(2) The state failed to establish a prima facie case that the defendants had been hunting in violation of LSA-R.S. 56-124(7), (9).
The record reveals that on November 9, 1977, at approximately 8:00 p. m. agent Edwards noticed a light shining out of the window of an automobile which was slowly moving through a wooded area in Grant Parish, Louisiana. He testified at trial that the light was being directed along the grassy areas at the base line of the trees. Agent Edwards stopped the vehicle and found a portable light[2] and a twelve gauge shotgun with four shells in the magazine on the front seat of the car. Extra shells for the shotgun were found on the front seat of the car as well. The car was occupied by four persons, the juveniles and two adults. They were all placed under arrest by Edwards and given their “Miranda ” warnings. They were then instructed to follow Edwards to the sheriff’s office for booking. While the parties were being booked, agent Corley asked McManus if he had been out hunting deer, and the defendant allegedly replied that he had been hunting rabbits. Agent Edwards testified that he was present when this statement was made.
Appellants urge that the elicitation of this inculpatory statement violated the principles set forth in Dino, supra, and was therefore inadmissible. In Dino, our Supreme Court categorically held that a juvenile could not waive his right to remain silent without the advice of an informed adult or an attorney. However, in light of the very recent Supreme Court pronouncement in State of Louisiana v. Donnie Franklin Collum (La.1978) 365 So.2d 1272, we find that the precautionary measures prescribed in Dino for the proper admission of a minor’s inculpatory statement do not apply to the instant case. In Collum, the Court held that Dino was not to be applied retroactively, but was to apply only to matters which were tried after June 15, 1978. In the instant case, the trial on the merits was held on May 1,1978, prior to the date on which the requirements set forth in Dino became effective.
Prior to the effective date of the Dino rule, the well settled test for determining whether a juvenile had knowingly and intelligently waived his right against self-incrimination was the “totality of circumstances” test. State v. Hall, 350 So.2d 141 (La.1977); State v. Hill, 354 So.2d 186 (La.1977); State v. Ross, 343 So.2d 722 (La. 1977); State v. Ghoram, 328 So.2d 91 (La. 1926); State v. Sylvester, 298 So.2d 807 (La.1974); State v. Melanson, 259 So.2d 609 (La.App. 4th Cir. 1972).
*1155 Although appellants have not asserted a claim of involuntariness, we have nevertheless examined the circumstances under which McManus made the inculpato-ry statement and we conclude that this statement was the product of a knowing and intelligent waiver of his constitutional right against self-incrimination. In this regard, we find the following factors to be relevant: At the time of his arrest, Gene McManus was sixteen years old. Before he made the statement, he was advised of his right to remain silent and to have an attorney present. Likewise, he was warned that any statement he made could be used against him in court. There is no evidence in the record to indicate that he was interrogated at any time prior to or at the time that he made the statement, or that he was in any way harassed or intimidated by either the police or the game wardens who arrested him. On the contrary, the record reveals that McManus was permitted to drive himself to the sheriff’s office to be booked following his arrest, and that while at the sheriff’s office the juveniles were allowed to telephone their parents and have them present. After examining the totality of the circumstances under which the incul-patory statement was made, we find that the state has met its burden of establishing that the statement was free and voluntary and was made with full understanding by McManus of his constitutional right against self-incrimination. We therefore find no merit in this assignment of error.
Appellants next urge that the state failed to prove that McManus and Joiner were engaging in night hunting at the time of their arrest relying principally on the Supreme Court holding in State v. Bass, 321 So.2d 520 (La.1975). Our review of the record reveals that this assignment of error is likewise without merit.
In State v. Bass, supra, the Court found that the trial court erred in failing to grant a directed verdict in favor of two defendants who had been convicted of night hunting when the state failed to prove an essential element of the crime charged. In Bass, however, the court made the following observations:

“In response to questions it was revealed that the Agent found no headlights, such as those often used in night hunting, but arrested the relators because they had high-powered, loaded rifles on a flooded rural road at a late hour.” at pp. 521-522.

It was likewise observed:

“The State’s witnesses were unable to testify that they saw the relators, or either of them, holding a weapon, or stalking an animal, or behaving in a manner which clearly indicated that they were engaged in an attempt ‘to chase or search for (game or other wild animals) for the purpose of catching or killing.’” at p. 522.

The juveniles in the instant case, however, were not arrested solely because they had a shotgun on the front seat of their vehicle. Agent Edwards witnessed a light being shone in the grass along the base of the trees, and found that light in plain view on the front seat of the ear when he stopped it. It should also be noted that in Bass neither defendant admitted that he had been hunting at the time of his arrest. We find, therefore, that Bass is factually distinguishable from the instant case. We conclude that in light of the above facts the state did establish beyond a reasonable doubt that at the time of their arrest, McManus and Joiner were engaged in night hunting in violation of LSA-R.S. 56:124(7), (9).
For the above and foregoing reasons, the judgment of the juvenile court declaring James Russell Joiner and Gene C. McManus to be delinquent is affirmed.
AFFIRMED.

. LSA-R.S. 56:124(7) in pertinent part provides: No person shall
(7) Take or hunt deer or fur bearing animals with headlights or bull’s eyes. .
LSA-R.S. 56:124(9) in pertinent part provides:
(9) Hunt with firearms of any type . . . after one-half hour after official sunset and before one-half hour before official sunrise.

. The portable light was described by the agents as one which is plugged into the car’s cigarette lighter and thus affords a light powerful enough to night hunt.