**In the Matter of R. G. S., a Minor Under the Age of Eighteen (18) Years, Petitioner,**

v.

**DISTRICT COURT OF OKLAHOMA COUNTY, the State of Oklahoma, and the Honorable Arthur Lory Rakestraw, District Judge, Respondents.**

No. 0–81–274.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1981.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for petitioner.

Robert H. Macy, Dist. Atty., Cathy J. Clinton, Asst. Dist. Atty., Oklahoma City, for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge:

On April 30, 1981, R.G.S., the petitioner, filed a petition for a writ of prohibition and/or mandamus in which he asks this Court to prevent a trial de novo in Oklahoma County District Court, Case No. JF–80–1610. He alleges that it would be unlawful for the respondent judge to conduct a trial de novo after a special judge had already dismissed the case due to the State's failure to meet its burden of proof at an evidentiary hearing.

It is first alleged that Special District Judge Donald C. Manning was sitting as a judge rather than as a referee, and that therefore, the respondent judge has no jurisdiction under 10 O.S.1971, § 1126(b) to hear the State's appeal. We disagree. Rule 2 of the Rules on Administration of Courts, 20 O.S. ch. 1, App. 2, Supp.1980, specifically grants the presiding district judge general superintending control over the courts within that district, and Oklahoma County District Court Rule 2 provides that the assignment of judges to the various divisions shall be made by the presiding judge. In accordance with those rules, on February 17, 1981, Presiding Judge Myers issued an order assigning Special Judge Manning to sit in the juvenile division of the District Court as either a judge or a referee, to be designated by the presiding judge of the juvenile division, Judge Rakestraw. Judge Rakestraw subsequently issued an order dated March 11, 1981, designating Judge Manning to sit as a referee until, and unless, a subsequent designation was made to change that status.

Further, this procedure was in total compliance with 20 O.S.Supp.1980, § 123.B which provides that, with the approval of the chief judge of the district court and the judge regularly assigned to the juvenile docket, a special judge is authorized to serve as a referee in cases on the juvenile docket. Therefore, Special Judge Manning was sitting as a referee at the petitioner's hearing on March 19, 1981, and in accordance with 10 O.S.1971, § 1126(a), was to transmit to the court all papers relating to the case, together with his findings of fact, conclusions of law and recommendations, in writing.

Next, the petitioner argues that a trial de novo held in response to the State's appeal of the referee's decision would violate 10 O.S.1971, § 1126(b), due process, and the double jeopardy clauses of the U.S. and Oklahoma Constitutions. Title 10 O.S.1971, § 1126(b) allows a party whose case has been heard by a referee to request a hearing by the district court. Therefore, the State in this instance has the right to request, and the district judge has the power to grant, a review of the referee's findings of fact and conclusions of law.

In order to protect the petitioner from double jeopardy, the district judge may not hear additional evidence other than that already heard by the referee. *Swisher v. Brady,* 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978). Upon review, the district judge is free to make an independent determination of the facts relating to guilt or innocence, as long as it is based on the evidence previously presented. *United States v. Difrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

In the present case, the State argues that a trial de novo must be allowed because the referee refused to allow rebuttal evidence. However, the State could have made an offer of proof of that evidence for the record, thus making it available to the district judge on review.

The respondents may not hold a trial de novo, but may have a hearing in accordance with 10 O.S.1971, § 1126(b), and the limitations delineated herein. This cause is RE-MANDED to the District Court of Oklahoma County for further proceedings not inconsistent with this opinion.

BRETT, P. J., and CORNISH, J., concur.