665 P.2d 1222 (1983)
In the Matter of V.W.B.
No. J-83-1.
Court of Criminal Appeals of Oklahoma.
June 28, 1983.
Russell P. Hass, Denise Johnson, Asst. Public Defenders, Tulsa, for appellant.
David L. Moss, Dist. Atty., James W. Keeley, Asst. Dist. Atty., Tulsa, for appellee.

*1223 OPINION
CORNISH, Judge:
The decisive issue in this case is whether notice of the possibility of adult prosecution is a constitutional pre-requisite to the admissibility of a juvenile's confession. We hold that it is not.
Appellant, V.W.B., was a child seventeen (17) years of age at the time the alleged offense of Robbery by Force occurred. He was eighteen years of age when he confessed he had committed the crime. V.W.B. was certified to stand trial as an adult in Tulsa County District Court, from which certification he appeals.
The offense occurred on August 23, 1981 when V.W.B. and two others are alleged to have taken the purse of the victim Billie Williams. At the Prosecutive Merit Hearing, Ms. Williams testified that two youths took her purse by force and violence and filed in a car driven by a third youth. Also testifying at this hearing was Greg Johnson, Intake Counselor for the Tulsa County Juvenile Bureau. He provided testimony regarding a confession made by V.W.B. to him at an intake interview conducted when the juvenile and his mother came to Johnson's office at Johnson's request. Johnson testified that he read V.W.B. his Miranda rights prior to taking the confession. He also testified that he believed he told V.W.B. he could be tried as an adult, as this was his practice, but that he had no independent recollection or written record of doing so.[1]
Appellant first assigns as error admission into evidence of a confession made at a time the juvenile was not advised he could be tried as an adult. Appellant urges this to be a constitutional right which required a knowing and intelligent waiver for the confession to be voluntary and valid. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Title 10 O.S. 1982 Supp., § 1109(A) provides for suppression of evidence obtained upon questioning a juvenile who, along with his parent, guardian, attorney or legal custodian, has not been advised of the constitutional and legal rights of the child.
We are not willing to find that warning of possible adult prosecution is a constitutional right. "[T]here is no constitutional requirement that a juvenile be instructed as to the courts in which he may be tried or the potential penalties which may accompany his offenses before he can waive his Miranda rights and make a free and voluntary confession." State v. Hall, 350 So.2d 141, 144 (La. 1977). Most other states which have addressed this question have also denied such to be a constitutional right. See, Edwards v. State, 227 Kan. 723, 608 P.2d 1006 (1980); State v. Nunn, 297 N.W.2d 752 (Minn. 1980); State v. Stewart, 197 Neb. 497, 250 N.W.2d 849 (1977); Harris v. Commonwealth, 217 Va. 715, 232 S.E.2d 751 (Va. 1977); and, Theriault v. State, 66 Wis.2d 33, 223 N.W.2d 850 (1974). These cases establish that knowledge that one may be tried as an adult is a circumstance going to the voluntariness of the *1224 statements. There is a minority of courts which hold that as a matter of "fundamental fairness," a juvenile's confession given while in juvenile court custody is not admissible when later tried as an adult. Harling v. United States, 295 F.2d 161 (D.C. Cir.1961).
Appellant was advised that his statements could be used against him in court. He was charged with a serious crime and had two prior experiences in the court system. He, along with his mother, came to the intake counselor's office in regard to the charge. These circumstances indicate that he was apprised of potential criminal prosecution, even if the counselor had not so advised appellant.
Whether one will be tried as a juvenile instead of as an adult, involves an assessment of the rehabilitation potential of a youthful offender. As noted in Hall, to require that juveniles be advised of possible adult prosecution would require arresting officers to offer legal advice requiring a great deal of background information. Therefore, we find appellant's argument is without foundation.
Appellant's argument that he should have been offered an opportunity to confer with his mother regarding the possibility of prosecution as an adult is not persuasive. Layton v. State, 551 P.2d 270 (Okl.Cr. 1976), is distinguishable. Appellant and his mother were requested to come to Mr. Johnson's office and had ample opportunity to confer prior to arriving.
Appellant next asserts that juveniles are denied equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution in that the State may lodge an appeal in only three instances[2] in adult criminal proceedings while the State may appeal on any ground from the finding of a referee in juvenile proceedings. Title 10. O.S. 1981, § 1126(b) provides:
Notice of the referee's findings and recommendations shall be given to the parent, guardian or custodian of the child or to any other person concerned whose case has been heard by the referee. A hearing by the court shall be allowed upon the filing with the court of a request for such hearing, if the request is filed within three (3) days after the service of such notice. In case no hearing by the court is requested, the findings and recommendations of the referee, when confirmed by an order of the court, shall become the decree of the court.
Appellant misunderstands the effect of this statute. There is no appealable order until the referee's findings are either overruled or confirmed by the district court. The referee serves as an arm of the juvenile court. We held in In the Matter of R.G.M., 575 P.2d 645 (Okl.Cr. 1978), that 22 O.S. 1971, § 1053 also governs prosecutorial appeals to this Court in juvenile cases. This statute is identical to the 1981 codification in pertinent part. We find appellant's assignment of error to be without merit.
Next, appellant asserts that by allowing the district court to review the referee's conclusions of law appellant was twice placed in jeopardy and was denied due process of law. This Court previously addressed this issue in R.G.S. v. District Court of Oklahoma County, 636 P.2d 340 (Okl.Cr. 1981). In R.G.S., we held:
In order to protect the petitioner from double jeopardy, the district judge may not hear additional evidence other than that already heard by the referee. Swisher v. Brady, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978). Upon review, the district judge is free to make an independent determination of the facts relating to guilt or innocence, as long as it is based on the evidence previously presented. United States v. Difrancesco, *1225 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).
Id. at 342.
In the present case, the State requested a hearing by the district court after the referee found appellant's confession not to be voluntary and recommended that the charge be dismissed. The district court reviewed the record which had been made and found otherwise.
This review by the district judge was made pursuant to 10 O.S. 1981, § 1126(b), not 22 O.S. 1981, § 1053. It was not in the nature of an appeal on a reserved question of law which would leave the referee's recommendation of dismissal intact. State v. Ogden, 628 P.2d 1167 (Okl.Cr. 1981).
The district court did not go outside the record made before the referee, and its review did not put appellant in double jeopardy. Therefore, this assignment must fail.
The order of certification is AFFIRMED.
BUSSEY, P.J., and BRETT, J., concur.
NOTES
[1] At oral argument, it was disclosed that as a matter of procedure juvenile authorities now take a written acknowledgement that the juvenile was advised he or she could be tried as an adult.
[2] 22 O.S. 1981, § 1053 provides that appeal may be taken by the State (1) upon judgment for the defendant on quashing or setting aside an indictment or information; (2) upon an order of the court arresting the judgment; and, (3) upon a question reserved by the state or a municipality.