**In the Matter of K.C.H., a Minor Child Under Eighteen Years of Age, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–83–262.**

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1984.

Rehearing Denied Feb. 1, 1984.

Russell P. Hass, Denise Johnson, Asst. Public Defenders, Juvenile Div., Tulsa, for appellant.

David Moss, Dist. Atty., Kurt George Glassco, Asst. Dist. Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, K.C.H., was certified in the District Court of Tulsa County, Juvenile Division, to stand trial as an adult in Case No. JVJ–82–940, for the alleged offenses of Rape in the Second Degree, Robbery with a Dangerous Weapon, Kidnapping for the Purposes of Extortion, and Larceny of an Automobile. He now appeals the certification and prosecutive merit findings.

On October 17, 1982, at 3:20 a.m., the appellant and another juvenile companion were taken into custody by the Guthrie police for an apparent violation of the municipal curfew ordinance. A pat-down search revealed that the appellant's companion was armed with a revolver. Both juveniles were detained at the Guthrie Police Department headquarters while officers made repeated attempts to locate the juveniles' parents.

Friends of the appellant were located, and when they arrived at the police station, the appellant was released into their custody. The appellant's companion, however, was placed under arrest for a firearms charge. At this point, the companion confessed to an auto-theft. Shortly thereafter, the appellant and his friends were stopped in a vehicle which was determined to have been stolen in Tulsa on October 15th. The subsequent investigation led to the filing of the above charges on October 22.

■ The appellant argues that introduction of prior contacts with juvenile courts, which were admitted at the hearing under 10 O.S.1981, § 1112(b)(4), denies his right under the United States Constitution to a fair and impartial hearing, in that said contacts may or may not have resulted in an adjudication of delinquency. Here, we need only note that 10 O.S.1981, § 1112(b)(4), is modeled after the requirements mandated by *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). We therefore find this assignment of error to be meritless.

■ On several grounds, the appellant alleges that the State failed to meet its burden of proving by substantial evidence that he was not amenable to treatment in the juvenile system. A review of the record reveals, however, that through the testimony of the victim of the alleged crimes, the State showed the commission of the alleged offenses and that there was probable cause to believe the appellant committed the crimes. The State offered the testimony and the report of the court psychologist, who concluded that the appellant was not amenable to treatment. The State also introduced evidence of the appellant's prior contacts with various juvenile courts, which included evidence that the appellant was, at the time of his arrest, on probation for the offense of Injury to a Child. Consequently, we believe the record reflects that the State met its burden of proof. See, *J.T.P. v. State,* 544 P.2d 1270 (Okl.Cr.1975).

■ The appellant claims next that the court erred by failing to give equal weight to each certification criteria listed in 10 O.S.1981, § 1112(b). We have held previously, however, that it is not necessary that the court's consideration be arithmatically proportioned among the statutory guidelines. *Matter of R.M.,* 561 P.2d 572 (Okl.Cr. 1977); *J.T.P. v. State,* supra. This assignment of error is without merit.

■ The appellant next argues that the certification order was improper because the court failed to consider all the alternatives for disposition, and because certification was apparently based, in part, on inadequacy of State facilities. We note here that, as stated above, the court psychologist testified that the appellant would not be amenable to treatment in *any juvenile institution.*

■ The law is well established that the decision that a child is unfit for rehabilitation within the juvenile system is within the sound discretion of the juvenile judge. *Matter of J.W.N.,* 620 P.2d 1341 (Okl.Cr. 1980). In view of the psychologist's testimony, we find no abuse of discretion by the lower court. This assignment of error is therefore without merit.

The order of the district court certifying the appellant to be tried as an adult is AFFIRMED.[1]

CORNISH and BRETT, JJ., concur.

---

1. In his brief, the appellant also alleges that evidence was obtained illegally, pursuant to an illegal arrest, and that his identification by the victim was the result of an impermissibly suggestive photographic line-up. These issues, however, need not be addressed by this Court at this time, as they are germane to the appellant's trial, and hence, should be decided by the district court.