v.

STATE of Oklahoma, Appellee.

No. J–90–0123.

Court of Criminal Appeals of Oklahoma.

April 30, 1991.

E.V. Spadafora, Oklahoma City, for appellant.

Robert H. Macy, Dist. Atty., Stephen L. Sullins, Asst. Dist. Atty., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

On November 22, 1990, K.J.M. was certified to stand trial as an adult for the offenses of Concealing Stolen Property (JF–89–2011), Attempted Robbery with Firearms (JF–89–2074), Assault with a Deadly Weapon (JF–89–2076) and Shooting with Intent to Kill (JF–89–2077) in the District Court of Oklahoma County. The proceedings below were stayed pending this Court's review of the following allegations of error: that the trial court erred when it refused to suppress the statements made by K.J.M. to police, that the evidence was insufficient to support three of the charges and that the trial court erred when it determined that K.J.M. was not amenable to rehabilitation under the supervision of the Department of Human Services. We disagree and affirm the decisions of the trial court.

In his first assignment of error, Appellant challenges the finding of prosecutive merit as to the charges brought in JF–89–2074 and JF–89–2077. The evidence offered at the hearing established that K.J.M. and three other boys pulled up in front of a Del City home, ostensibly to ask directions to a convenience store from a man working in his yard. After asking for the directions, one of the boys demanded money, then shot the man in the stomach.

The boys were apprehended near the scene a short time later. They were taken to the Oklahoma County police department. K.J.M. was detained for several hours before being taken to the juvenile detention center. He claims that this delay and several occurrences during the delay should mandate that his statements to the police concerning the shooting must be suppressed.

Appellant directs our attention to the portion of 10 O.S.Supp.1989, § 1107 wherein the legislature provided that immediately upon his arrest, a child must be taken before a judge or to a detention facility. He fails to cite 10 O.S.Supp.1989, § 1107.1(C)(2) which provides that police officers may detain a child at the police station for up to six (6) hours "for purposes of identification, processing or arranging transfer to detention." The subsection also provides that if the time limitation is exceeded, that alone will not constitute a

defense in any subsequent criminal proceeding. Insofar as Appellant fails to allege that any prejudice occurred as a result of his detention, we will not suppress the evidence against him on this ground alone.

Appellant's next allegation in conjunction with his interrogation concerns the fact that he was not able to meet privately with his mother at anytime prior to making his statement to the investigating officer. Appellant offered the testimony of his mother who stated that she requested to speak to her son on two different occasions prior to the start of the interrogation but was refused. He cites *Layton v. State*, 551 P.2d 270 (Okl.Cr.1976), a case which does not involve a juvenile proceeding, in support of his proposition that his mother's inability to speak to him prior to the actual interrogation requires suppression of the subsequent statement. We disagree.

The dispositive question when considering the admissibility of a statement is whether or not it was voluntary under the circumstances existing at the time the statement was made. *T.C. v. State*, 740 P.2d 739 (Okl.Cr.1987). The *Layton* case was reversed not because the defendant's mother did not speak to her before questioning, but because the jury at her trial was not properly instructed as to the required finding that the defendant's confession was voluntary. We do not have that situation here.

■ The record before us indicates that both Appellant and his mother were informed of their rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Both signed forms indicating that they were willing to waive those rights and speak to the officer. There was no request for conference between mother and son once they were reunited in the interrogation room, prior to the beginning of the questioning. Under the circumstances, we find that it is regrettable that Appellant's mother was not allowed to speak to her son prior to the beginning of questioning, but we do not find that the denial warrants suppression of the subsequent statement. Insofar as Appellant's second proposition of error assumes the

suppression of the statement, we find that there is no need to address the sufficiency of the rest of the evidence supporting the charges brought in JF–89–2074 and JF–89–2077.

■ For his third assignment of error, Appellant submits that the evidence offered in support of JF–89–2011, Concealing Stolen Property was insufficient to justify the trial court's order. In *M.L.S. v. State*, 805 P.2d 665 (Okl.Cr.1991), this Court adopted the standard suggested by my concurring opinion in *R.J.D. v. State*, 799 P.2d 1122 (Okl.Cr.1990), concerning the quantum of proof necessary to satisfy the statutory requirement of "prosecutive merit." We held that the evidence presented at the hearing must establish that there is a "reasonable likelihood" that the offender committed the crime in question. We have examined the record before us and find that the evidence presented established that Appellant was found with stolen goods in and near his possession. That evidence is sufficient to satisfy this burden. The trial court's finding was warranted under the evidence.

■■ For his final assignment of error, Appellant claims that the trial court reached the wrong conclusion when it found that he was not amenable to rehabilitation under the juvenile justice system. Again, we disagree with Appellant's conclusion. The standards under which the trial court must proceed in this regard are found at 10 O.S.Supp.1989, § 1112(b). In this case, only five of the six factors were applicable:

1. The seriousness of the alleged offense to the community, and whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

2. Whether the offense was against person or property, greater weight being given to offenses against persons especially if personal injury resulted;

3. The sophistication and maturity of the juvenile and his capability of distinguishing right from wrong as determined by consideration of his psychological evaluation, home, environmental situa-

tion, emotional attitude and pattern of living;

4. The record and previous history of the juvenile, including previous contacts with community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior periods of probation or prior commitments to juvenile institutions;

5. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to have committed the alleged offense, by the use of procedure and facilities currently available to the juvenile court.

We find that the trial court properly considered all of these elements when considering Appellant's amenability to rehabilitation. The trial court noted that Appellant had been under the supervision of juvenile authorities beginning at age twelve. In the intervening years between the first offense and the current offenses, Appellant was involved in at least seven other offenses including second degree burglary, larceny and possession of a controlled dangerous substance. The State's expert witness testified that Appellant presented a fair to good prospect of rehabilitation only if he received the maximum benefit from the most intensive services offered. All the witnesses presented on this issue testified that there was no guarantee as to which services Appellant would actually receive or for what length of time.

In a certification proceeding, the State bears the responsibility for proving that the child is not amenable to rehabilitation through available juvenile services. *K.C.H. v. State*, 674 P.2d 551 (Okl.Cr.1984). The evidence presented by the State met that high burden, thus we cannot say that the trial court abused its discretion when it found against Appellant on the question of certification. There is no error presented here.

For the foregoing reasons, the order of the trial court certifying Appellant to stand trial as an adult is AFFIRMED.

LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, J., concurs in result.