Ardie Dewayne HARRIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

Billy McREYNOLDS, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. J–80–730, J–80–731.

Court of Criminal Appeals of Oklahoma.

March 17, 1981.

## ORDER DECLINING TO ASSUME JURISDICTION AND DISMISSING APPEALS

On October 31, 1980, the above appellants appealed from an order of the McClain County District Court, wherein both appellants were charged as adults in the district court with multiple offenses under the provisions of the reverse certification statute, 10 O.S.Supp. 1978, § 1104.2. Ardie Dewayne Harris was charged in information number CRF–80–65, and Billy McReynolds was charged in information number CRF–80–61. The preliminary examination was conducted on July 31, 1980, when the magistrate took the matter under advisement to consider motions filed by appellants to certify them as juveniles and to remand the charges to the juvenile division of the district court. On September 4, 1980, the Honorable Kenneth Love conducted the reverse certification proceedings and on October 1, 1980, the motions for reverse certification were overruled. On October 6, 1980, the magistrate filed the order binding both appellants over to stand trial in the district court.

On February 4, 1981, the State of Oklahoma, through Kay E. Huff, District Attorney for District 21, filed a motion to dismiss these appeals for the reason the statutes do not provide for an appeal from an order denying reverse certification.

In the matters before this Court, appellants request that this Court review the reverse certification proceedings and remand their charges to the juvenile division of the district court.

NOW THEREFORE, after considering the petitions filed herein and the transcripts filed herein, this Court finds that we should decline to assume jurisdic-

tion and dismiss the petitions filed. An analysis of the reverse certification statute, 10 O.S.Supp. 1978, § 1104.2, reveals that the Legislature did not provide for an interlocutory appeal from the findings of the trial court at the conclusion of the preliminary examination and the hearings on the motion to certify to the juvenile division of the court. Nor do the rules of this Court provide for such an appeal. By operation of law the parties are treated as adults and the burden falls upon them to prove their eligibility to be considered as juveniles. Whether or not such proof is sufficient lies within the discretion of the magistrate at the conclusion of the preliminary examination and the hearing on the motions to remand. Whenever it is determined that the motions should be denied, the parties remain in the status of adults; and, in the event the parties are bound over to stand trial, the trial should proceed.

THEREFORE, this Court finds further, that we should decline to assume jurisdiction herein and dismiss the attempted appeals.

IT IS SO ORDERED.

WITNESS OUR HANDS and the Seal of this Court this 17th day of March, 1981.

TOM BRETT, P. J.

HEZ J. BUSSEY, J.