**Stanley Wayne KAMP, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–80–822.**

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1981.

---

### ORDER DECLINING TO ASSUME JURISDICTION AND DISMISSING APPEAL

The appellant was charged as an adult pursuant to 10 O.S.1980 Supp., § 1104.2, in the District Court of Pontotoc County, Case No. CRF–80–117, with Rape in the Second Degree and Robbery with Firearm. A motion was filed by the appellant to be certified as a juvenile and to remand the charges to the juvenile division of the district court. This appeal is made from the order of November 14, 1980, which denied the application of the appellant to be certified as a juvenile and ordered him held for trial on the felony information filed against him.

The State of Oklahoma, through William N. Peterson, District Attorney for District 22, filed a motion to dismiss this appeal for the reason that the statutes do not provide for an appeal from an order denying reverse certification.

This Court finds that no provision has been made by the Legislature for appealing a denial by the trial court of reverse certification at the conclusion of the hearing on the motion to certify to the juvenile division of the court. Title 10 O.S.1980 Supp., § 1104.2, which provides for certification as a child, does not provide for an appeal from denial of such. Furthermore, a careful reading of 10 O.S.1980 Supp., § 1112(e), reveals that it likewise does not provide for an appeal, contrary to the contention of the appellant. See also Rule 7.2B of the Rules of this Court, 52 O.B.J. 1318 (June 6, 1981). As this Court stated in *Harris v. State*, 625 P.2d 1269 (Okl.Cr.1981), it is left to the discretion of the magistrate whether or not there is sufficient proof provided by the party to establish his eligibility to be considered as a juvenile. Since

the magistrate denied the motion, the defendant remains in the status of an adult, and in the event he is bound over to stand trial, the trial should proceed.

We therefore decline to assume jurisdiction herein and it is the order of this Court that the attempted appeal be dismissed.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 8th day of September, 1981.

TOM BRETT, P. J.
HEZ J. BUSSEY, J.
TOM R. CORNISH, J.