Michael Scott **TROLINGER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. J–86–876.

Court of Criminal Appeals of Oklahoma.

April 20, 1987.

Catherine George, Huckabee & Huckabee Inc., Tulsa, for appellant.

T. Jack Graves, Dist. Atty., Dynda Post, Asst. Dist. Atty., Rogers County, Claremore, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant has been charged with First Degree Manslaughter in Rogers County District Court Case No. CRF–86–184 under the provisions of 10 O.S.1981, § 1104.2. That statute provides that any person sixteen or seventeen years of age who commits manslaughter in the first degree shall be tried as an adult. Under the statute, the burden is placed upon the accused person to file a motion for certification to the Juvenile Court to be considered as a juvenile. In this case, appellant did file such a motion. At the conclusion of the preliminary hearing, the magistrate commenced to consider the motion filed by the accused person. At the conclusion of that hearing, which was properly reported by a court reporter and submitted to this Court for review, the magistrate declined to certify the accused person to the juvenile court. He was bound over to stand trial in the district court as an adult for first degree manslaughter. The trial was suspended, and the defendant was permitted to appeal the magistrate's order. This appeal is the result thereof, and appellant is presently free on bail.

Briefly stated, the evidence showed that appellant was responsible for the death of his fourteen (14) year old sweetheart when he discharged a handgun, probably of .22 caliber. The bullet penetrated the victim's heart and exited through her backside. Appellant asserts that the homicide was the result of an accident when the weapon accidentally fired. The State asserts that the facts fall within 21 O.S.1981, § 711 and charged appellant with First Degree Manslaughter.

21 O.S.1981, § 711 provides:

Homicide is manslaughter in the first degree in the following cases:

1. When perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor.

2. When perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide.

■ Appellant's first assignment of error asserts that the crime of manslaughter was not proven, therefore appellant must be transferred to the juvenile division of the court. At the preliminary examination, it is not required that the crime be proven, but instead that probable cause be shown that a crime has been committed and that there is probable cause to believe the accused committed the crime as alleged. A homicide was clearly proven. Also, when the appellant testified, he admitted that he was holding the weapon when it fired. So, the question of probable cause was resolved by the magistrate.

After the magistrate determined sufficient probable cause existed to support a bind over order, he commenced to consider the motion to remand appellant to the juvenile division of the district court. The burden to sustain such a motion lies squarely upon the accused person. *See Harris v. State*, 625 P.2d 1269 (Okl.Cr.1981). In denying the motion the judge relied heavily upon the statute and the provisions contained therein. Therefore, the first assignment of error is denied.

In his second assignment of error, appellant asserts that the judge abused his discretion in denying appellant's application for certification as a child.

In deciding whether to grant or deny a motion to certify an accused as a child, the court must consider certain factors, namely:

1. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

2. Whether the offense was against persons or property, greater weight being given for retaining the accused person within the adult criminal system for offenses against persons, especially if personal injury resulted;

3. The record and past history of the accused person, including previous contacts with law enforcement agencies and juvenile or criminal courts, prior records of probation and committments to juvenile institutions; and

4. The prospects for adequate protection of the public if the accused person is processed through the juvenile system.

10 O.S.1981, § 1104.2(C).

 Although the appellant had had no previous contacts with law enforcement agencies or the courts, the court obviously did not believe that that factor was sufficient to overcome the seriousness of the crime. The factors set forth above are, according to the statute, listed in order of importance. In the instant case a homicide did occur for which appellant admitted he was responsible, even though he asserts the homicide was the result of an accident. By operation of law, an accused who comes within the reverse certification statute is treated as an adult until he clearly sustains his burden of proof. As this Court stated in *Harris v. State, supra,* whether or not such proof is sufficient lies within the discretion of the magistrate. *See also Kamp v. State*, 633 P.2d 760 (Okl.Cr.1981). On appeal, the magistrate's ruling will not be disturbed absent an abuse of discretion. In this case no such abuse has been shown.

In his third assignment of error, appellant asserts that the statute providing for reverse certification is unconstitutional. This assignment contains three sub-propositions: A) that the Court should employ a stricter standard of review of the Reverse Certification Classification; B) Even if the Court applies a lesser standard of review, the statute does not pass constitutional muster; and C) Section 1104.2 creates an unreasonable and arbitrary classification which violates equal protection.

In *State ex rel. Coates v. Rakestraw,* 610 P.2d 256, 259 (Okl.Cr.1980), this Court answered the equal protection complaint citing the United States Supreme Court decision in *McGowan v. Maryland,* 366 U.S. 420, 425, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961), and held the reverse certification statute to be constitutional, as follows:

In *McGowan v. Maryland,* 366 U.S. 420, 425, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961), the Supreme Court of the United States stated the standard for testing equal protection violations claims: '... Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently from others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. ...'

Applying this standard to the statute here involved, we believe that the classification created by the Legislature bears a rational relationship to an important legislative objective, i.e., protection of the public.

*See also Rogers v. State,* 721 P.2d 805 (Okl.Cr.1986); *Jones v. State,* 654 P.2d 1080 (Okl.Cr.1982).

 We reaffirm our holding in *State ex rel. Coates v. Rakestraw, supra* and hold herein that the Reverse Certification Statute meets the constitutional requirements.

We are, therefore, of the opinion that the ruling of the Rogers County District Court Magistrate declining to certify appellant to the juvenile court is correct, and the same is AFFIRMED.

BUSSEY and PARKS, JJ., concur.