STATE of Oklahoma, Appellant,

v.

Charles Earl WOODWARD and Gerald Edward Wyche, Appellees.

No. J–87–158.

Court of Criminal Appeals of Oklahoma.

April 29, 1987.

Rehearing Denied June 3, 1987.

Lee Witcher, Asst. Dist. Atty., Stilwell, for appellant.

Donn F. Baker, Baker & Baker, Tahlequah, for Charles E. Woodward.

John James Constantikes, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, McAlester, for Gerald E. Wyche.

BRETT, Presiding Judge:

This is a case in which the two appellees were charged in Adair County District Court for the offense of First Degree Murder under 21 O.S.1981, § 701.7. Charles Earl Woodward is sixteen years old, and Gerald Edward Wyche is seventeen. Both appellees filed their motions in the District Court requesting to be remanded to the Juvenile Division of the District Court under the provisions of 10 O.S.1981, § 1104.2. That section of the statute provides that any person sixteen or seventeen years of age charged with those crimes listed in the statute, which includes first degree murder, shall be considered as an adult. Paragraph C of Section 1104.2 provides that such accused person shall file a motion for certification as a child before the criminal preliminary hearing. This action is referred to as "reverse certification."

A preliminary hearing was held, presided over by the Honorable John C. Garrett, Associate District Judge. After testimony

was presented at the preliminary hearing, the court took testimony on the motions to certify both appellees to the juvenile division of the court. On January 6, 1987, after all the testimony was heard and after the judge took the matter under advisement for some six days, he certified both appellees to the juvenile division. Thereafter, the District Attorney for Adair County, Mr. Lee Witcher, filed this appeal alleging an abuse of discretion by the judge.

The sole question presented by this appeal is: "Did the district judge abuse his discretion by certifying both appellees to the juvenile division of the district court." The question of probable cause is not argued by either side.

At the certification hearing, the testimony of five witnesses was offered by the appellees to show that appellees should be remanded to the juvenile division, because they are both amenable to rehabilitation.

In deciding whether to grant or deny a motion to certify an accused as a child, the court must consider certain factors, namely:

1. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;
2. Whether the offense was against persons or property, greater weight being given for retaining the accused person within the adult criminal system for offenses against persons, especially if personal injury resulted;
3. The record and past history of the accused person, including previous contacts with law enforcement agencies and juvenile or criminal courts, prior periods of probation and commitments to juvenile institutions; and
4. The prospects for adequate protection of the public if the accused person is processed through the juvenile system.

10 O.S.1981, § 1104.2(C).

The testimony of the only witness who could shed some light upon the facts surrounding the unfortunate incident revealed that the action of the appellees was "committed in an aggressive, violent, premeditated or willful manner." That testimony placed the act squarely within the first provision of the statute. The results of appellees actions were clearly against both a person and property which resulted in the death of the person injured. This clearly falls within the second provision of the statute. Further, the testimony of other witnesses revealed that appellee Wyche had already been determined to be a delinquent child and had been on probation for some three months. On the other hand, appellee Woodward has had no other encounters with the police. Lastly, the question concerning whether or not the public will be provided adequate protection if the appellees are processed through the juvenile system becomes debatable. Consequently, in reviewing the record before this Court, analysis of the statute and the weight to be provided each provision causes this Court to consider that the last provision of the statute is not sufficient, standing alone, to outweigh the first three provisions. Hence, the question of "abuse of discretion" becomes one of evaluation of the facts when the law is applied to them.

Most of the cases cited by both sides in their briefs to this appeal concern the question when a juvenile is being considered under the provisions of 10 O.S.1981, § 1112, wherein a child under eighteen years of age is charged as a delinquent. The question therein concerns whether or not the child is to be retained in the juvenile division of the court, or shall he be certified to stand trial as an adult. Amenability to rehabilitation is the significant factor. In the instant case, both appellees are within the age bracket which places them in the adult sector. Consequently, the reverse of Section 1112 is contemplated: Should the accused be retained as an adult, or should he be remanded to the juvenile division of the court. In this instance, the provisions of Section 1104.2 are distinctly different from those of Section 1112. Consequently, many of the cases cited are inapposite.

■ According to the rules of statutory construction, a special statute that sets forth a specific requirement controls over a general statute. *City of Tulsa v. Heminger*, 706 P.2d 917 (Okl.App.1985). This is so

even if the general statute was enacted later than the specific one. *Glover Const. Co. v. Andrus,* 591 F.2d 554, 561 (10th Cir.1979), *aff'd,* 446 U.S. 608, 100 S.Ct. 1905, 64 L.Ed.2d 548 (1980). Thus, all matters coming within the scope of the reverse certification statute are governed by its own provisions.

Recently, this Court affirmed a holding of Rogers County District Court denying certification to the juvenile division of the court in *Trolinger v. State,* 736 P.2d 168 (Okl.Cr.1987). In that case, the appellant was fifteen years of age and is charged with the offense of First Degree Manslaughter, in which the appellant asserts that the homicide was the result of an accident. In the instant case, the homicide was clearly not an accident, if the prosecution witness is to be believed.

 In a reverse certification matter, the burden to sustain the motion to remand to the juvenile division rests squarely upon the accused person. *See Harris v. State,* 625 P.2d 1269 (Okl.Cr.1981). After reviewing the records before this Court, we are of the opinion the heavy burden placed upon the appellees has not been met, notwithstanding the testimony offered by appellees' witnesses. Three of the four expert witnesses testified that appellees are subject to rehabilitation and should be remanded to the juvenile division, but in face of the statute to be applied to the facts of this case such rehabilitation, in the time remaining for the appellees to be under the juvenile system supervision, is not sufficient to overcome the other provisions of the statute. We can therefore reach no other conclusion but that the Honorable Trial Judge abused his discretion in remanding appellees to the juvenile division of the court. This does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge but means that clearly erroneous conclusions have been reached, when viewed from the appellate level. In reaching this conclusion, we are of the opinion an error of law has been reached and that there has been an improvident exercise of discretion.

We are therefore of the opinion that the judgment of the Honorable District Judge of the Adair County District Court certifying appellees to the juvenile division of the court is erroneous and is therefore REVERSED. It is the order of this Court that the order of the Adair County District Court in CRF–86–94, shall be vacated and set aside, and the appellees herein shall stand trial as charged. JUDGMENT REVERSED.

BUSSEY, Judge, specially concurring.

From a careful examination of the record before us, I am of the opinion that the trial court's order certifying appellees to the juvenile division finds support neither in the law nor the evidence, and I therefore agree that the order of certification should be vacated.

PARKS, J., concurs.