759 P.2d 239 (1988)
J.L.S., Appellant,
v.
STATE of Oklahoma, Appellee.
No. J-88-186.
Court of Criminal Appeals of Oklahoma.
August 12, 1988.
Larry L. Oliver, Tulsa, for appellant.
Thomas C. Gillert, Asst. Dist. Atty., Tulsa, for appellee.

OPINION
BUSSEY, Judge:
Appellant, J.L.S., a person sixteen years of age, was charged in the District Court of Tulsa county, Case No. CRF-87-4399 with First Degree Murder. Prior to preliminary hearing, he filed a motion for certification as a child, pursuant to 10 O.S.Supp. 1987, § 1104.2, ¶ C. The district court ruled that appellant should not be certified as a child, and bound him over for trial. This appeal is brought on the certification ruling.
At the preliminary hearing, the State presented evidence that on November 17, 1987, appellant entertained a party in his home while his parents were gone during school hours. One of the guests took some food from the refrigerator. Appellant, being fearful that the mess in the house and the disappearance of food would alert his parents to the party, told his guest to put the food back. When the guest refused, the appellant retrieved a rifle from a gun cabinet, loaded it, and threatened the guest with it. The guest dared appellant to shoot him, and appellant did. As the guest fell to the floor, appellant struck him in the neck with the butt of the rifle. Appellant told the other guests to leave. He put the gun away, and called the police and a ambulance. The guest ceased breathing before the ambulance arrived.
In support of his motion, appellant offered testimony of a psychiatrist to show the appellant's state of intoxication at the time of the incident rendered him incapable of premeditated or willful conduct. His past history contained no contacts with law enforcement agencies. Great emphasis was placed on appellant's amenability to rehabilitation, apparently to show adequate protection of the public if appellant were processed through the juvenile system.
Appellant asserts that the district judge abused his discretion by improperly considering *240 his personal views on the inadequacy of the juvenile court system. In ruling on the certification issue, the judge stated,
... I choose not to base my ruling on the inadequacies of the juvenile court system, that is merely one factor which is to be weighed by this court.
I choose today, based on my reading of the case law, and based on my prior interpretation of the statute, to weigh the evidence today in regards to the totality of the facts and circumstances involved in this particular case, considering those facts and circumstances in light of the criteria again set out in Title 10, section 1104.2.
We find no abuse of discretion.
Appellant relies heavily on T.C. v. State, 740 P.2d 739, (Okl.Cr. 1987), in which a majority of this court stated,
The trial court abused its discretion in rejecting [overwhelming evidence of amenability to rehabilitation] on the basis of his opinion that the juvenile system was not working properly. Moreover, the trial judge's reliance on the evidence not before the court constituted a denial of due process. The appellant should have been afforded a fair opportunity to examine, criticize, and refute any evidence relied upon by the trial court in making its finding of nonamenability.[1]
T.C. involved the certification of a child to stand trial as an adult under 10 O.S. 1981, § 1112. The State was under a heavy burden to establish the child's nonamenability to rehabilitation within the juvenile system. See K.C.H. v. State, 674 P.2d 551, 552 (Okl.Cr. 1984). In this case, the burden was on the appellant to support his motion for certification as a child under 10 O.S.Supp. 1986, § 1104.2. Trolinger v. State, 736 P.2d 168 (Okl.Cr. 1987). The likelihood of reasonable rehabilitation is not a statutory factor under Section 1104.2(c) in determining whether appellant's motion should have been sustained. See State ex rel. Coats v. Rakestraw, 610 P.2d 256, 258 (Okl.Cr. 1980). Thus, this case is distinguishable, and T.C. does not apply. Even if T.C. were applicable, the district judge in this case did not base his concerns about the juvenile system upon personal knowledge of which he took judicial notice. Rather, a worker from the Department of Human Services testified on appellant's behalf. Cross-examination by the prosecutor and additional examination by the District Judge provided evidence on which fears for the protection of the public could be founded. Appellant was offered full opportunity to examine, criticize, and refute the evidence presented. This is not a case of improper taking of judicial notice, but an exercise of judicial discretion on the basis of evidence presented to the court.
Appellant additionally asserts that the District Judge abused his discretion by rejecting overwhelming evidence of amenability to rehabilitation. As we have already pointed out, this is not among the factors to be considered in reverse certification proceedings. Its only possible relevance would have been to the prospects for adequate protection of the public. We note that this is the last consideration listed in 10 O.S. 1981, § 1104.2. Those considerations are listed in order of importance. The first two were found against him on the basis of substantial evidence. Even if the last factor should have been found favorably to appellant, we cannot find that the district judge abused his discretion in refusing to certify the appellant as a child. Accordingly, his ruling must be AFFIRMED.
PARKS, J., concurs.
BRETT, P.J., specially concurs.
BRETT, Presiding Judge, specially concurring:
I specially concur in this decision for the reason it is a reverse certification and the standards of review are different to those of regular certifications of juveniles under sixteen years of age, not charged under 10 O.S. 1981, § 1104.2. For that reason T.C. v. State, 740 P.2d 739 (Okl.Cr. 1987), is inapposite to the facts of this case. The juvenile in T.C. was a boy thirteen years of age. The standards of review preclude the comparison *241 of the juvenile rehabilitation facilities as a premises concerning whether or not the juvenile should be retained in the juvenile system. In reverse certification, the fourth consideration provided in Section 1104.2, is "The prospects for adequate protection of the public if the accused person is processed through the juvenile system." Consequently, I am compelled to find that the Judge did not abuse his discretion.
NOTES
[1] This writer did not join in the majority's decision in T.C. and does not do so now.