John William MENAPACE, II,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 88–69.

Supreme Court of Wyoming.

Jan. 19, 1989.

Leonard D. Munker, State Public Defender, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., and Terry L. Armitage, Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

Presented for appeal decision is prosecutorial discretion to choose whether serious criminal offense charges against a minor, seventeen years of age or older, can alternatively be either initiated as an adult or in juvenile court. The inquiry embraces prosecutorial discretion and forum for transfer hearings which is for a minor under seventeen confined to juvenile court and over seventeen may be pursued in criminal court by initial decision of the prosecutor.

John William Menapace, II (appellant) states his issue as:

Did the district court deny procedural due process to the defendant, John William Menapace, II, when the court allowed the prosecution to declare him an adult in a criminal procedure?

The State of Wyoming (appellee) restates the issue as:

Appellant was afforded all the process due him in his prosecution as an adult in district court.

What this court is asked to determine is whether the state criminal prosecution system is validly emplaced in W.S. 14–6–203 so that under age thirteen exclusive jurisdiction for criminal proceeding is vested in the juvenile court. Between thirteen and seventeen, original jurisdiction is initially vest-

ed in the juvenile court where any transfer hearing is held. A minor who has attained the age of seventeen may be either immediately prosecuted as an adult or proceeded against in juvenile court at the discretion of the prosecuting attorney, with rights reserved to the minor when charged as an adult to request district court discretional consideration of transfer to the juvenile court.

## FACTS

Appellant, seventeen at the time of the offense, was charged as one of three young participants in an exceptionally horrifying sexual assault, breaking and entering, and robbery incident jointly perpetrated by the three young men upon a defenseless woman. Fortuitously, the victim was not killed, but the perpetrators were immediately identified, arrested, and then confessed.[1] Each of the three participants were charged with: Count I—sexual assault in the first degree; Count II—burglary; Count III—sexual intrusion through physical force; Count IV—kidnapping; and Count V—armed robbery.

Appellant responded by a joint motion to dismiss for lack of jurisdiction in the district court since the charged individual was a juvenile, and in second regard, that the proceedings should be transferred to the juvenile court if there was concurrent jurisdiction. A comprehensive evidentiary hearing was held by the district court resulting in denial of both motions. Appellant elected to plea bargain for criminal sentences on three charges and dismissal of the other two. In consideration of the statutory maximum of fifty years, concurrent sentences of five-to-eight years were moderate under the factual circumstances.

This appeal followed to test the validity of initiation of the criminal charges for a person seventeen years of age as an adult at the discretion of the prosecuting attorney. Appellant does not realistically contend that the district court abused its discretion in denial of juvenile court transfer on the basis of transfer hearing evidence. Cf. *State v. Woodward*, 737 P.2d 569, amended 745 P.2d 1180 (Okl.Cr.1987), where abuse of discretion was found in juvenile court remand for first degree murder offense.

The argument presented by appellant defines a curious posture since he abjures a constitutional challenge which is normally the basis of attack on prosecutorial discretion to charge as an adult or the resulting burden of proof within the transfer process which can follow. The argument seems to challenge statutory validity on a procedural and not a constitutional basis. The contention seems to be under-slung with belief that the interstate compact on juveniles, W.S. 14–6–101, et seq., denies efficacy to the juvenile court code, W.S. 14–6–201, et seq., as a matter of construction and not constitutional application. This court has difficulty in understanding, either from the brief or questioning at oral argument, how the appellate advocacy separates procedural due process as an issue from constitutional due process and equal protection, as perhaps leaving only for argument statutory constitution, if unclear, to define the intent of the legislature.[2] Cf. *People v.*

---

1. This is the kind of an offense which, until a fairly recent decision of the United States Supreme Court, *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), would occasion a death sentence in many southern states and even today, on many occasions, would, for an adult, result in life term sentences.

2. The four citations given by appellant in his brief as exclusive of waiver by guilty plea do not provide assistance to define the issue or resolve the inquiry. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) determined what due process requirements there were for revocation of parole. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)

considers validity of a plea against contention of compulsion and inadequate representation as voluntarily, knowingly, and understandingly given. *Chambers v. Florida*, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940) considered a compulsive confession used for conviction and death sentence as violation of a due process guaranteed by the Fourteenth Amendment. *Tumey v. State of Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) denied due process where the presiding judge had a pecuniary interest.

The one case cited, *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), is a basic juvenile rights determination for transfer without any evidentiary hearing. The case

*M.A.*, 124 Ill.2d 135, 124 Ill.Dec. 511, 529 N.E.2d 492 (1988).

We will address the substance presented in the context of the broad challenge to a statutory process that is presented by first, examination of the statutes; second, analysis for ambiguity; and third, application of the test of constitutionality. This latter question seems to pass beyond any direct contention of appellant, although clearly inculcated in any due process argument, no matter how packaged. See Comment, supra, XIX Land & Water L.Rev. 187.

In first examination, the clarity and specificity of what the legislature has provided in the juvenile code, W.S. 14–6–201, et seq., deserves recitation.

In W.S. 14–6–203, it is stated:

(d) The juvenile court has exclusive jurisdiction in all cases in which a minor who had not attained the age of thirteen (13) years is alleged to have committed a felony or a misdemeanor punishable by imprisonment for more than six (6) months.

(e) Except as provided in subsection (f) of this section, all cases over which the juvenile court has concurrent jurisdiction shall be originally commenced in the juvenile court but may thereafter be transferred to another court having jurisdiction pursuant to W.S. 14–6–237.

(f) The following cases may be originally commenced either in the juvenile court or in the district court or inferior court having jurisdiction:

\* \* \* \* \* \*

(iii) Cases in which the minor has attained the age of seventeen (17) years. The prosecuting attorney shall consider those determinative factors set forth in W.S. 14–6–237(b)(i) through

(vii) prior to commencing an action in the district court under this paragraph.

W.S. 14–6–237(g) reads:

If any proceeding commenced in the district court is within the concurrent jurisdiction of the juvenile court, the district court may on motion of any party or on its own motion order any proceeding transferred to the juvenile court. The district court judge may, after notice and hearing, find the matter more properly suited to disposition under the provisions of this act. The order of transfer confers upon the juvenile court full jurisdiction in the matter as if originally commenced in the juvenile court.

W.S. 14–6–237 defines the criteria as:

(b) The court shall order the matter transferred to the appropriate court for prosecution if after the transfer hearing it finds that proper reason therefor exists. The determinative factors to be considered by the judge in deciding whether the juvenile court's jurisdiction over such offenses will be waived are the following:

(i) The seriousness of the alleged offense to the community and whether the protection of the community required waiver;

(ii) Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

(iii) Whether the alleged offense was against persons or against property, greater weight being given to offenses against persons especially if personal injury resulted;

(iv) The desirability of trial and disposition of the entire offense in one (1) court when the juvenile's associates in the alleged offense are adults who will be charged with a crime;

---

is specifically constitutional in interpretative construction of a juvenile court statute. Appellant (or appellee) did not cite nor discuss the excellent review of the Wyoming statute in Comment, *Prosecution as a Juvenile or an Adult? Is the Discretion Vested in the District Attorney by Section 14-6-203(c) of the Wyoming Statutes Unconstitutional and Violative of the Proper Role of a Prosecutor?* XIX Land & Water L.Rev.

187 (1984). Also not considered by appellate citation were *Jahnke v. State,* 692 P.2d 911 (Wyo.1984) and *Jahnke v. State,* 682 P.2d 991 (Wyo.1984), in each of which a motion for transfer to juvenile court was made and denied. After hearing, constitutionality of the process and result was directly considered in *Jahnke v. State,* 692 P.2d at 928. In reality, this appeal is an attack on that case.

(v) The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living;

(vi) The record and previous history of the juvenile, including previous contacts with the law enforcement agencies, juvenile courts and other jurisdictions, prior periods of probation to this court, or prior commitments to juvenile institutions;

(vii) The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile (if he is found to have committed the alleged offense) by the use of procedures, services and facilities currently available to the juvenile court.

We find no ambiguity in legislative intent and discern as the jurisdictional criteria: (a) exclusive jurisdiction if under the age of thirteen; (b) initial jurisdiction with right to transfer to adult court if between the age of thirteen and under seventeen; and (c) joint jurisdiction if seventeen or older with initial discretion vested in the prosecutor to charge and with the right of the juvenile to then request transfer to juvenile court if initially charged as an adult.

The factual circumstances preclude any realistic abuse of discretion inquiry, either in initial charge as adult or the subsequent denial of transfer by the district court. *Woodward*, 737 P.2d 569; *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986). Likewise, we summarily dispose of the contention that somehow the interstate compact restrains application of the specific terminology of the criminal transfer provisions of the juvenile code. The legislature meant what it said and said what it meant.[3]

Realistically, the only inquiry left for this court is whether we should review the Jahnke dispositive conclusion of constitutionality. Re-examination by a review of more current cases does not diminish the validity of the procedural and constitutional

conclusions on this issue in that case. *Trolinger v. State*, 736 P.2d 168, 170 (Okl.Cr. 1987) as citing for support *McGown v. Maryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). See likewise, *People v. Thorpe*, 641 P.2d 935 (Colo.1982), where prosecutorial discretion was directly considered and constitutionally approved.

Transfer process determinants of confidentiality and burden of proof, as well as court of jurisdiction, have been uniformly held to constitutionally rest within legislative discretion. *Jahnke*, 692 P.2d 911; *Mullin v. State*, 505 P.2d 305 (Wyo.), cert. denied 414 U.S. 940, 94 S.Ct. 245, 38 L.Ed. 2d 166 (1973); *People v. Young*, 124 Ill.2d 147, 124 Ill.Dec. 516, 529 N.E.2d 497 (1988); *Com. v. Wallace*, 495 Pa. 295, 433 A.2d 856 (1981); *State v. Jacobs*, 144 Vt. 70, 472 A.2d 1247 (1984). The Wyoming legislature has clearly and validly established the courts and transfer processes for the trial of criminal offenses committed by persons under the age of majority.

AFFIRMED.

---

3. Since passage of these provisions, the legislature did undertake an extensive alteration of the juvenile code which would have eliminated the prosecutorial discretion. Although the legislation was handily passed within the legislature, it was vetoed by the governor by reason of public request of *certain district judges.* See Comment, supra, XIX Land & Water L.Rev. at 201.