989 P.2d 948 (1999)
1999 OK CR 5
J.D.P., Appellant,
v.
STATE of Oklahoma, Appellee.
No. J 98-1149.
Court of Criminal Appeals of Oklahoma.
February 2, 1999.

ACCELERATED DOCKET ORDER
¶ 1 J.D.P. was charged as a youthful offender in Tulsa County District Court, Case No. CF 98-2555, with two counts of Lewd Molestation. J.D.P. filed a Motion for Certification as Juvenile. The Motion was denied by the Honorable Todd Singer, Special Judge, and Appellant appealed. Pursuant to Rule 11.2(A)(4), Rules of the Court of Criminal Appeals, Title 22, Ch.18, App. (1998), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument on January 7, 1999, pursuant to Rule 11.2(F). At the conclusion of oral argument, Appellant was advised of the decision of this Court.
¶ 2 Appellant raised the following propositions of error:
1. It was fundamental error and an abuse of discretion to bind the Appellant over for trial in the District Court as an adult based exclusively on inadmissible hearsay testimony;
2. Assuming arguendo that the hearsay testimony of the complaining witness' father was admissible, that hearsay testimony described only an act of indecent exposure, not lewd molestation, and juveniles charged with indecent exposure must be charged initially in the juvenile division of the District Court where the burden of proof for certification as an adult is on the State; and,
3. Assuming arguendo that sufficient admissible evidence was submitted to establish probable cause for the reverse certification offense of lewd molestation, it was fundamental error and an abuse of discretion to bind the Appellant over for trial in the District Court as an adult, when all available expert testimony established that the Appellant should be certified as a juvenile.
¶ 3 After thorough consideration of the propositions raised and the argument presented to this Court, we find, by a vote of 5 to 0, that the Order denying the Motion for Certification as Juvenile should be AFFIRMED.
¶ 4 Appellant's propositions one and two involve evidentiary matters and are not properly before the Court in this juvenile appeal. See W.D.C. v. State, 1990 OK CR 71, ¶ 5, 799 P.2d 142, 144.
¶ 5 In proposition three, Appellant argued that the trial court abused its discretion when it denied his Motion for Certification as *949 Juvenile and bound him over for trial as a youthful offender. Appellant was charged as a youthful offender with the above-referenced crimes, pursuant to 10 O.S.Supp.1997, § 7306-2.6. Subsection (E) of § 7306-2.6 provides, in part, that "[T]he accused person may file a motion for certification to the juvenile system before the start of the criminal preliminary hearing . . ." Further, after the State has concluded its case "at the criminal preliminary hearing, the accused person may offer evidence to support the motion for certification as a child." See 10 O.S.Supp.1997, § 7306-2.6(E). Before ruling on whether the accused should be bound over for trial [as a youthful offender], the trial court "shall rule on the certification motion," after giving consideration to those guidelines enumerated in the statute. See 10 O.S.Supp. 1997, § 7306-2.6(E)(3).
¶ 6 The provisions of the Youthful Offender Act do not specifically set forth the burden of proof to be applied in the trial court upon the accused's presentation of his or her motion for certification to the juvenile system. However, we find the provisions and language in 10 O.S.Supp.1997, § 7306-2.6 sufficiently similar to the language of the former "reverse certification" statute. Compare 10 O.S.Supp.1995, § 7306-1.1(E), formerly 10 O.S.1991, § 1104.2. By operation of law, the accused is treated as a youthful offender, and the burden to sustain his or her motion to be remanded to the juvenile system should fall upon the accused. See e.g. Trolinger v. State, 1987 OK CR 71, ¶ 7, 736 P.2d 168, 170; K.L.J. v. State, 1990 OK CR 22, ¶ 11, 824 P.2d 361, 363; J.L.S. v. State, 1988 OK CR 159, ¶ 5, 759 P.2d 239, 240; Harris v. State, 1981 OK CR 29, ¶ 4, 625 P.2d 1269, 1270. Whether or not the proof is sufficient lies within the discretion of the magistrate; and, on appeal, the magistrate's ruling will not be disturbed absent an abuse of discretion. Trolinger, Id. In this case, the trial court determined J.D.P. should be held accountable for the acts alleged as a youthful offender. We find the trial court's decision to deny Appellant's Motion for Certification as Juvenile is supported by the record and did not constitute an abuse of discretion. Id.
¶ 7 THEREFORE IT IS THE ORDER OF THIS COURT that the Order denying the Motion for Certification as Juvenile, in Tulsa County District Court, Case No. CF 98-2555, is hereby AFFIRMED.
¶ 8 IT IS SO ORDERED.
¶ 9 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 2nd day of February, 1999.
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Steve Lile
STEVE LILE, Judge