OSCN Found Document:T.G.L. v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 T.G.L. v. STATE
2015 OK CR 4
Case Number: J-2014-0891
Decided: 03/20/2015
T. G. L., Appellant, v. STATE OF OKLAHOMA, Appellee.
Cite as: 2015 OK CR 4, __ __

 



OPINION


LEWIS, JUDGE:
¶1 Appellant, T. G. L., appeals from an order entered by the Honorable Rebecca J. Gore, Special Judge, on October 13, 2014, granting the State's motion to sentence Appellant as an adult and denying Appellant's motion for certification as a juvenile in Mayes County District Court Case No. YO-2013-3. An Information was filed on June 13, 2013, charging Appellant, then twenty-five years old, as a Youthful Offender with Count 1 - Forcible Sodomy, 21 O.S.2011, § 888, a felony, and Count 2 - Lewd Molestation, 21 O.S.2011, § 1123, a felony. These crimes were alleged to have been committed in 2004 when Appellant was fifteen years old and the female victim was eight years old.
¶2 Following hearings on August 28, 2014, October 1, 2014, and October 9, 2014, Judge Gore denied Appellant's motion to dismiss, granted the State's motion to sentence Appellant as an adult, denied Appellant's motion for certification as a juvenile, and bound Appellant over for trial. Judge Gore's proceedings were well reasoned, anticipated the issues raised herein, and the order issued was very thorough. This Court granted Appellant's application for a stay of proceedings in the District Court on October 31, 2014.
¶3 Pursuant to Rule 11.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2015), this appeal was automatically assigned to the Accelerated Docket of this Court. Oral argument was held January 22, 2015, pursuant to Rule 11.2(E). On appeal Appellant raises the following propositions of error:
1. The trial court erred in not granting the Appellant's motion to dismiss alleging the trial court had no jurisdiction to conduct the prosecutive merit hearing and the certification hearing due to the Appellant's age at the time of the filing of the Information.
2. The trial court erred in granting the Appellee's motion to certify the Youthful Offender as an adult.
¶4 Appellant was charged at age twenty-five for crimes allegedly committed when he was fifteen. The victim was eight or nine years old at the time of the alleged acts. The victim, now eighteen, alleged Appellant touched her vaginal area and held a pocketknife against her neck and forced her to perform oral sodomy. She testified that Appellant threatened her and her family if she said anything to anyone, resulting in the delay in reporting these alleged crimes. Judge Gore found, and all parties agree, that the delay in the reporting and charging of these alleged crimes was not caused by the State.
¶5 The delay in charging Appellant is a significant factor in this appeal. The Youthful Offender Act defines a youthful offender as a person under eighteen years of age "who is charged with" one of the crimes enumerated in the Youthful Offender Act. 10A O.S.2011, §§ 2-5-202(A)(1); 2-5-205(A), (B); 2-5-206(A), (B). The purpose of the Youthful Offender Act is to ensure the public safety by holding youths accountable for the commission of serious crimes while affording courts methods of rehabilitation for those youths. 10A O.S.2011, § 2-5-202(B).
¶6 Title 10A O.S.2011, § 2-2-102(B)(3) allows juvenile proceedings to be filed before a child reaches eighteen years of age or within one year after the date of the eighteenth birthday of the child if the underlying act would constitute a felony if committed by an adult, or within six months after the date of the eighteenth birthday if the underlying act would constitute a misdemeanor if committed by an adult. Section 2-1-103(6) of Title 10A defines a child or a juvenile as any person under eighteen years of age. The purpose of the laws relating to juveniles alleged or adjudicated to be delinquent is to promote the public safety and reduce juvenile delinquency. 10A O.S.2011, § 2-1-102.
¶7 Both the Youthful Offender Act and the Juvenile System are designed to give juveniles the opportunity for treatment and rehabilitation under the supervision of the Office of Juvenile Affairs. Statutory constraints prohibit Appellant from receiving any treatment as either a juvenile or a Youthful Offender. 10A O.S.2011, § 2-2-102(B)(2)-(B)(3); 10A O.S.2011, § 2-5-207. As set forth in Edwards v. State, 1979 OK CR 18, ¶ 12, 591 P.2d 313, 317-318, juvenile certification is statutory and not a constitutional right. The provisions for juveniles and the Youthful Offender Act were created for the benefit of children and the opportunities for treatment therein are statutorily limited to those under nineteen years of age.
¶8 Appellant was twenty-five years old when he was charged with the offenses alleged in this case, and is now twenty-seven years old. Therefore, Appellant is not a Youthful Offender as defined by statute and is thus ineligible for certification or treatment as a Youthful Offender.
¶9 Appellant was charged as a Youthful Offender and Judge Gore granted the State's motion to sentence Appellant as an adult. This was procedurally incorrect as Appellant was statutorily ineligible for Youthful Offender status and should have been initially charged as an adult.
¶10 Appellant filed a motion for certification as a juvenile which was denied by Judge Gore. The burden to sustain a motion to be remanded to the juvenile system falls upon the accused. "Whether or not the proof is sufficient lies within the discretion of the magistrate; and on appeal, the magistrate's ruling will not be disturbed absent an abuse of discretion." J.D.P. v. State, 1999 OK CR 5, ¶ 6, 989 P.2d 948, 949. Judge Gore considered the criteria dictated by Section 2-5-206 of Title 10A, denied Appellant's motion, and the record supports her decision.
¶11 Based upon the facts in this case, Appellant should not be allowed to benefit from any delay in reporting. We find Appellant should be charged as an adult. There are no statutory provisions prohibiting Appellant, in this type of case, from being charged as an adult. We also find nothing which prevented Appellant in this case from filing a motion for certification as a juvenile. See Wright v. State, 2001 OK CR 19, ¶ 15, 30 P.3d 1148, 1151. He has filed that motion, been provided a hearing on the motion, and the trial court has denied the motion.
DECISION
¶12 The order of the District Court of Mayes County denying Appellant's motion for certification as a juvenile is AFFIRMED. The District Court's order granting the State's motion for sentencing as an adult is VACATED and the matter is REMANDED to the District Court for further adult criminal proceedings. The stay of proceedings imposed by this Court in an Order issued October 31, 2014, is hereby LIFTED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2015), the MANDATE is ORDERED issued upon the filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF MAYES COUNTY,
THE HONORABLE REBECCA J. GORE, SPECIAL JUDGE
APPEARANCES AT TRIAL                                      APPEARANCES ON APPEAL
 
 
 
 
CHARLES A. RAMSEY CHARLES A. RAMSEY PLLC 226 E. GRAHAM AVE. PRYOR, OKLAHOMA 74361 
COUNSEL FOR DEFENDANT 
  
GLEN DRESBACK ASSISTANT DISTRICT ATTORNEY MAYES COUNTY DISTRICT ATTORNEY'S OFFICE PRYOR, OKLAHOMA 74361 
COUNSEL FOR THE STATE 
 
CHARLES A. RAMSEY CHARLES A. RAMSEY PLLC 226 E. GRAHAM AVE. PRYOR, OKLAHOMA 74361 
COUNSEL FOR APPELLANT 
  
R. BRIAN SURBER ASSISTANT DISTRICT ATTORNEY DISTRICT ATTORNEY'S OFFICE 1 COURT PLAZA, SUITE 250 PRYOR, OKLAHOMA 74361 
COUNSEL FOR THE STATE 

OPINION BY: LEWIS, J.
SMITH, P.J.: Concur
LUMPKIN, V.P.J.: Concur
JOHNSON, J.: Concur





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1979 OK CR 18, 591 P.2d 313, EDWARDS v. STATE
Discussed
 2001 OK CR 19, 30 P.3d 1148, 72 OBJ 1998, WRIGHT v. STATE
Discussed
 1999 OK CR 5, 989 P.2d 948, 70 OBJ 473, J.D.P. v. State
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 888, Forcible Sodomy
Cited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Cited