OSCN Found Document:T.G.L. v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 T.G.L. v. STATE
2015 OK CR 4
344 P.3d 1098
Case Number: J-2014-0891
Decided: 03/20/2015
T. G. L., Appellant, v. STATE OF OKLAHOMA, Appellee.
Cite as: 2015 OK CR 4, 344 P.3d 1098

 


OPINION


LEWIS, JUDGE:
¶1 Appellant, T. G. L., appeals from an order entered by the Honorable 
Rebecca J. Gore, Special Judge, on October 13, 2014, granting the State's motion 
to sentence Appellant as an adult and denying Appellant's motion for 
certification as a juvenile in Mayes County District Court Case No. YO-2013-3. 
An Information was filed on June 13, 2013, charging Appellant, then twenty-five 
years old, as a Youthful Offender with Count 1 - Forcible Sodomy, 21 O.S.2011, § 888, a felony, and 
Count 2 - Lewd Molestation, 21 
O.S.2011, § 1123, a felony. These crimes were alleged to have been committed 
in 2004 when Appellant was fifteen years old and the female victim was eight 
years old.
¶2 Following hearings on August 28, 2014, October 1, 2014, and October 9, 
2014, Judge Gore denied Appellant's motion to dismiss, granted the State's 
motion to sentence Appellant as an adult, denied Appellant's motion for 
certification as a juvenile, and bound Appellant over for trial. Judge Gore's 
proceedings were well reasoned, anticipated the issues raised herein, and the 
order issued was very thorough. This Court granted Appellant's application for a 
stay of proceedings in the District Court on October 31, 2014.
¶3 Pursuant to Rule 11.2(A), Rules of the Oklahoma Court of Criminal 
Appeals, Title 22, Ch.18, App. (2015), this appeal was automatically 
assigned to the Accelerated Docket of this Court. Oral argument was held January 
22, 2015, pursuant to Rule 11.2(E). On appeal Appellant raises the following 
propositions of error:

 
 1. The trial court erred in not granting the Appellant's motion to 
 dismiss alleging the trial court had no jurisdiction to conduct the 
 prosecutive merit hearing and the certification hearing due to the 
 Appellant's age at the time of the filing of the Information.
 2. The trial court erred in granting the Appellee's motion to certify the 
 Youthful Offender as an adult.
¶4 Appellant was charged at age twenty-five for crimes allegedly committed 
when he was fifteen. The victim was eight or nine years old at the time of the 
alleged acts. The victim, now eighteen, alleged Appellant touched her vaginal 
area and held a pocketknife against her neck and forced her to perform oral 
sodomy. She testified that Appellant threatened her and her family if she said 
anything to anyone, resulting in the delay in reporting these alleged crimes. 
Judge Gore found, and all parties agree, that the delay in the reporting and 
charging of these alleged crimes was not caused by the State.
¶5 The delay in charging Appellant is a significant factor in this appeal. 
The Youthful Offender Act defines a youthful offender as a person under eighteen 
years of age "who is charged with" one of the crimes enumerated in the Youthful 
Offender Act. 10A O.S.2011, §§ 2-5-202(A)(1); 2-5-205(A), (B); 2-5-206(A), (B). 
The purpose of the Youthful Offender Act is to ensure the public safety by 
holding youths accountable for the commission of serious crimes while affording 
courts methods of rehabilitation for those youths. 10A O.S.2011, § 
2-5-202(B).
¶6 Title 10A O.S.2011, § 2-2-102(B)(3) allows juvenile proceedings to be 
filed before a child reaches eighteen years of age or within one year after the 
date of the eighteenth birthday of the child if the underlying act would 
constitute a felony if committed by an adult, or within six months after the 
date of the eighteenth birthday if the underlying act would constitute a 
misdemeanor if committed by an adult. Section 2-1-103(6) of Title 10A defines a 
child or a juvenile as any person under eighteen years of age. The purpose of 
the laws relating to juveniles alleged or adjudicated to be delinquent is to 
promote the public safety and reduce juvenile delinquency. 10A O.S.2011, § 
2-1-102.
¶7 Both the Youthful Offender Act and the Juvenile System are designed to 
give juveniles the opportunity for treatment and rehabilitation under the 
supervision of the Office of Juvenile Affairs. Statutory constraints prohibit 
Appellant from receiving any treatment as either a juvenile or a Youthful 
Offender. 10A O.S.2011, § 2-2-102(B)(2)-(B)(3); 10A O.S.2011, § 2-5-207. As set 
forth in Edwards v. State, 1979 
OK CR 18, ¶ 12, 591 P.2d 313, 
317-318, juvenile certification is statutory and not a constitutional right. The 
provisions for juveniles and the Youthful Offender Act were created for the 
benefit of children and the opportunities for treatment therein are statutorily 
limited to those under nineteen years of age.
¶8 Appellant was twenty-five years old when he was charged with the offenses 
alleged in this case, and is now twenty-seven years old. Therefore, Appellant is 
not a Youthful Offender as defined by statute and is thus ineligible for 
certification or treatment as a Youthful Offender.
¶9 Appellant was charged as a Youthful Offender and Judge Gore granted the 
State's motion to sentence Appellant as an adult. This was procedurally 
incorrect as Appellant was statutorily ineligible for Youthful Offender status 
and should have been initially charged as an adult.
¶10 Appellant filed a motion for certification as a juvenile which was denied 
by Judge Gore. The burden to sustain a motion to be remanded to the juvenile 
system falls upon the accused. "Whether or not the proof is sufficient lies 
within the discretion of the magistrate; and on appeal, the magistrate's ruling 
will not be disturbed absent an abuse of discretion." J.D.P. v. State, 1999 OK CR 5, ¶ 6, 989 P.2d 948, 949. Judge Gore 
considered the criteria dictated by Section 2-5-206 of Title 10A, denied 
Appellant's motion, and the record supports her decision.
¶11 Based upon the facts in this case, Appellant should not be allowed to 
benefit from any delay in reporting. We find Appellant should be charged as an 
adult. There are no statutory provisions prohibiting Appellant, in this type of 
case, from being charged as an adult. We also find nothing which prevented 
Appellant in this case from filing a motion for certification as a juvenile. 
See Wright v. State, 2001 OK 
CR 19, ¶ 15, 30 P.3d 1148, 
1151. He has filed that motion, been provided a hearing on the motion, and the 
trial court has denied the motion.
DECISION
¶12 The order of the District Court of Mayes County denying Appellant's 
motion for certification as a juvenile is AFFIRMED. The District Court's 
order granting the State's motion for sentencing as an adult is VACATED 
and the matter is REMANDED to the District Court for further adult 
criminal proceedings. The stay of proceedings imposed by this Court in an Order 
issued October 31, 2014, is hereby LIFTED. Pursuant to Rule 3.15, 
Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. 
(2015), the MANDATE is ORDERED issued upon the filing of this 
decision.
AN APPEAL FROM THE DISTRICT COURT OF MAYES 
COUNTY,
THE HONORABLE REBECCA J. GORE, SPECIAL JUDGE
APPEARANCES AT 
TRIAL                                      
APPEARANCES ON APPEAL
 

 
 
 
 CHARLES A. RAMSEY
CHARLES A. RAMSEY PLLC
226 E. GRAHAM 
 AVE.
PRYOR, OKLAHOMA 74361
 COUNSEL FOR DEFENDANT
  
 GLEN DRESBACK
ASSISTANT DISTRICT ATTORNEY
MAYES 
 COUNTY
DISTRICT ATTORNEY'S OFFICE
PRYOR, OKLAHOMA 74361
 COUNSEL FOR THE STATE
 
 CHARLES A. RAMSEY
CHARLES A. RAMSEY PLLC
226 E. GRAHAM 
 AVE.
PRYOR, OKLAHOMA 74361
 COUNSEL FOR APPELLANT
  
 R. BRIAN SURBER
ASSISTANT DISTRICT ATTORNEY
DISTRICT ATTORNEY'S 
 OFFICE
1 COURT PLAZA, SUITE 250
PRYOR, OKLAHOMA 74361
 COUNSEL FOR THE STATE

OPINION BY: LEWIS, J.
SMITH, P.J.: Concur
LUMPKIN, V.P.J.: 
Concur
JOHNSON, J.: Concur





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1979 OK CR 18, 591 P.2d 313, EDWARDS v. STATE
Discussed
 2001 OK CR 19, 30 P.3d 1148, 72 OBJ 1998, WRIGHT v. STATE
Discussed
 1999 OK CR 5, 989 P.2d 948, 70 OBJ 473, J.D.P. v. State
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 888, Forcible Sodomy
Cited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Cited